**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**PADUCAH DIVISION**
**CRIMINAL ACTION NO. 5:19-cr-00029-TBR**

UNITED STATES OF AMERICA                                                      PLAINTIFF

v.

TONY DEWAYNE CROUCH                                                           DEFENDANT

**MEMORANDUM OPINION AND ORDER**

This matter comes before the Court upon Defendant Tony Crouch's Motion to Reduce Sentence. [DN 45.] The government has responded. [DN 47.] As such, this matter is ripe for adjudication. For the reasons that follow, Defendant's Motion to Reduce Sentence [DN 45] is **DENIED**.

**I. Background**

On May 14, 2019 Crouch pled guilty to one count of wire fraud. [DN 18.] Crouch was sentenced on August 22, 2019 to 27 months imprisonment. [DN 37.] At this time, Crouch has only served seven months of his sentence. Defendant now asks this Court to reduce his sentence either to a year and a day or time served.

**II. Legal Standard**

"The court may not modify a term of imprisonment once it has been imposed except that—

(1) in any case—

    (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—

(i) extraordinary and compelling reasons warrant such a reduction"

18 U.S.C.A. § 3582(c)(1)(A). "Under the [First Step Act], courts are now permitted to "consider motions by defendants for compassionate release without a motion" by the BOP Director "so long as the defendant has asked the Director to bring such a motion and the Director fails to or refuses." *United States v. Logan*, 2020 WL 730879, at *1 (W.D. Ky. Feb. 13, 2020).

When determining whether to grant compassionate release, courts must analyze the following factors: (1) whether extraordinary and compelling reasons warrant such a reduction; (2) the applicable policy statements issued by the Sentencing Commission; and (3) the factors set forth in 18 § U.S.C. § 3553(a). *United States v. Marshall*, No. 3:16-cr-00004-JHM, 2020 WL 114437, * 1 (W.D. Ky. Jan 9, 2020) (citing 18 U.S.C. 3582(c)(1)(A)).

First, the Court must determine whether extraordinary and compelling reasons justify a sentence reduction. Congress has not defined what constitutes an "extraordinary and compelling" reason; however, it has charged the Sentencing Commission with "describing what should be considered extraordinary and compelling reasons for sentence reductions, including the criteria to be applied and a list of specific examples." *United States v. Webster*, No. 3:91CR138 (DJN), 2020 WL 618828, at *4 (E.D. Va. Feb. 10, 2020) (quoting 29 U.S.C. § 994(t)). The Sentencing Commission commentary provides that extraordinary and compelling reasons may exist due to the defendant's medical condition:

> A) Medical Condition of the Defendant.
> (i) The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.
>
> (ii) The defendant is-
>
> > (I) suffering from a serious physical or medical condition,

> (II) suffering from a serious functional or cognitive impairment, or
> (III) experiencing deteriorating physical or mental health because of the aging process, that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

U.S.S.G. 1B1.13.

### III. Discussion

### A. Exhaustion of Remedies

"Federal law has long authorized courts to reduce the sentences of federal prisoners facing extraordinary health conditions and other serious hardships, but only under very limited circumstances." *United States v. Beck,* —— F.Supp.3d ——, No. 1:13-CR-186-6, 2019 WL 2716505, at *4 (M.D.N.C. June 28, 2019). Under the First Step Act, courts are now permitted to "consider motions by defendants for compassionate release without a motion" by the BOP Director "so long as the defendant has asked the Director to bring such a motion and the Director fails to or refuses." *United States v. Marhsall,* No. 3:16CR-00004-JHM, 2020 WL 114437, at *1 (W.D. Ky. Jan. 9, 2020).

Here, Crouch does not provide any evidence and does not argue he has exhausted his remedies. Without any evidence that Crouch has even attempted to exhaust his remedies the Court cannot find Crouch has done so. District courts are split on whether the requirement of exhaustion can be waived. Some courts have waived the requirement in light of COVID-19 concerns and the specific health concerns of the defendant. *See United States v. Perez,* 19 Cr. 513-3 (AT) 2020 WL 1546422 (S.D. N.Y Apr. 1, 2020); *United States v. Colvin,* No. 3:19-cr-179 (JBA), 2020 WL 1613943 (D. Conn. Apr. 2, 2020). However, other courts have found the court does not have the authority to waive the requirement. *See United States v. Rivers,* No. 2017-0023, WL 1676798 (D.V.I. Apr. 6, 2020); *United States v. Johnson,* No. RDB-14-0441, 2020 U.S. Dist. LEXIS 59206

(D. Md. Apr. 3, 2020). Even if this Court waived the exhaustion requirement, Crouch still would not be entitled to release for the following reasons.

## B. Extraordinary and Compelling Reasons

Crouch's main reasons for requesting release are he has changed, and his family is financially struggling. Crouch does briefly mention the possibility of contracting COVID-19 as a reason. He specifically states, "when I do get sick from colds or allergies, I end up with bronchitis, a lung infection that requires antibiotics. COVID-19 is a lung infection that I will be more susceptible to as a result." [DN 45.] However, Crouch has not stated he suffers from a lung condition or that he currently has bronchitis. Those that suffer from lung conditions are at a greater risk of becoming seriously ill if contracting COVID-19. However, Crouch has not provided any medical records indicating a lung condition or any other factors that would make him at a greater risk for the virus. Currently, there are no confirmed cases of COVID-19 at Marion USP, where Crouch is incarcerated. He is at no greater risk of contracting the virus than any other inmate. Therefore, this motion must fail. *See United States v. Gagne,* No. 3:18-cr-242 (VLB), 2020 WL 1640152 *5 (D. Conn. Apr. 2, 2020).

Crouch further states his children have lost their jobs, his wife is struggling to pay bills and his parents need care around the clock as reasons for release. Although the Court is sympathetic to Crouch's family struggles, this is not an extraordinary reason for granting release. The Sentencing Commission describes two categories that would qualify as extraordinary and compelling reasons for a sentence reduction for family circumstances of a defendant:

> (i) The death or incapacitation of the caregiver of the defendant's minor child or minor children.
>
> (ii) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.

U.S.S.G. § 1B1.13 n.1(C). Crouch has not alleged either of these situations. His family circumstances do not meet the burden of extraordinary and compelling. Therefore, Crouch's motion must fail.

Finally, Crouch writes at length about the emotional, physical, and spiritual changes he has undergone while incarcerated. He states he has secured work as an orderly at the administration building, he attends chapel and leads prayer group, and has "learned greatly from [his] mistakes and bad choices." [DN 45.] These are all admirable decisions on Crouch's part to rehabilitate and prepare for life after release. However, "rehabilitation is specifically excluded as an independent basis for compassionate release." *United States v. Wieber,* No. 3:14-cr-74-TBR, 2020 WL 1492907 *3 (W.D. Ky. March 27, 2020). The Court applauds Crouch's actions, but his motion must fail.

### IV. Conclusion

For the above stated reasons, **IT IS HEREBY ORDERED** that Crouch's Motion to Reduce Sentence [DN 45] is **DENIED**.

**IT IS SO ORDERED.**

Thomas B. Russell, Senior Judge
United States District Court

April 23, 2020

cc: Tony Dewayne Crouch
   19745-033
   MARION
   U.S. PENITENTIARY
   Inmate Mail/Parcels
   P.O. BOX 1000
   MARION, IL 62959
   PRO SE